**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                      **Case No. 8:21-cr-92-SCB-CPT**

**ARCESIO MEDINA-ANGULO**
_____/

### DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR VARIANCE

Defendant, Arcesio Medina-Angulo, by and through undersigned counsel, pursuant to Title 18, United States Code §§ 3553(a) and 3661, and Rule 32(i) of the Federal Rules of Criminal Procedure, moves this Honorable Court for a downward variance from the applicable advisory Sentencing Guidelines ("Guidelines") range and, in addition, presents the following relevant information for the Court to consider in determining a reasonable sentence to impose in this case:

### BACKGROUND

On March 3, 2021, Mr. Medina-Angulo was indicted for conspiracy to distribute and possession with intent to distribute one thousand kilograms or more of marijuana, in violation of 46 U.S.C. §§ 70503(a), 70506(a), and (b), 21 U.S.C. §960(b)(1)(G). (Doc. 1). He immediately accepted responsibility for his minor role in what clearly appears to be a large criminal drug smuggling enterprise. (Doc. 44). Mr. Medina-Angulo pleaded guilty to a lesser included offense of Count one of the

Indictment, possession with intent to distribute 100 kilograms or more of marijuana while onboard a vessel subject to United States Jurisdiction on September 16, 2021. (Doc. 58).

The Amended Final Presentence Investigation Report ("PSR") has been completed in this case and it reflects a total offense level of 23 and a criminal history category of I.  (PSR ¶¶33 & 39). This results in an advisory range of 46 to 57 months of incarceration.  (PSR ¶83).  Sentencing is scheduled before this Honorable Court on Thursday, December 16, 2021, at 9:00 a.m.

## LEGAL ARGUMENT

As outlined above, Mr. Medina-Angulo is facing an advisory term of incarceration of 46 to 57 months.  (PSR ¶83).  Mr. Medina-Angulo respectfully requests this Court grant his request for a downward variance from the advisory guideline range pursuant to the factors set forth in 18 U.S.C. § 3553(a). See, *United States v. Booker,* 543 U.S. 220 (2005); *Rita v. United* States, 551 U.S. 338 (2007). Specifically, when considering a downward variance from the applicable guideline range, Mr. Medina-Angulo requests that the Court consider the nature and circumstances of the case and his role therein, his history, characteristics, post-arrest and post-plea conduct, his motivation to commit the offense, the issues of deterrence and recidivism, the need to avoid unwarranted sentencing disparities, and the need

to impose a sentence sufficient, but not greater than necessary to accomplish the goals of sentencing.

**A.** **The Nature and Circumstances of the Instant Offense**

The circumstances surrounding this case are outlined in the PSR and Mr. Medina-Angulo does not dispute those facts. (PSR ¶14-18). In reviewing the circumstances surrounding this case, one can readily conclude that Mr. Medina-Angulo played a minor role in a much larger drug smuggling enterprise. Mr. Medina-Angulo occupied a go-fast vessel ("GFV") intercepted by the United States Coast Guard ("USCG"). (PSR ¶15). The USCG recovered 42 bales of marijuana with an at sea weight of 1,333 kilograms from on board the GFV. (PSR ¶16). It was determined that each crewman was responsible for 900 kilograms of marijuana. (PSR ¶17).

Mr. Medina-Angulo does not deny the illegal nature of his actions. He takes full responsibility and appreciates the seriousness of the offense and the harm his part in the conspiracy could have ultimately caused. However, he emphasizes his minor role in the grand enterprise by pointing out that he was not an organizer, navigator, leader, manager, purchaser, or distributer, and had very little proprietary gain. In fact, he had no equity interest in the drugs being transported. He had absolutely no decision-making authority or authority to alter plans once he boarded his assigned vessel.

Mr. Medina-Angulo humbly requests that he be viewed as having a minor role in this conspiracy when compared to those known and unknown to the Government because regardless of the weight of narcotics involved, he was unaware of the exact nature of the cargo, understanding only that it was marijuana and that it would be delivered to unknown persons at the end of the journey.

The facts of this case are absent any acts of violence.

**B.      The History and Characteristics of Mr. Medina-Angulo**

Mr. Medina-Angulo was born in Buenaventura, Columbia, and he is 34 years old (PSR ¶44).   He is loved and respected by his family, his friends, and his community, as evidenced in the letter provided by his family, coupled with over one hundred signatures in support thereof.  *See*  Exhibit 1 (Letter from family member, endorsed by family, friends, and members of the community).

Mr. Medina-Angulo's parents separated when he was ten years old, and he continued to live with his biological mother.  (PSR ¶44).  He experienced the loss of his grandmother when he was 26 or 27 years old as well as his aunt and uncle, both of whom were killed by paramilitary forces due to suspected extortion motives.   *Id.* He has a close relationship with his mother and father and, as expected, they are worried about him due to his arrest.   (PSR ¶45 & 46).  He has two brothers, two maternal half siblings, and three paternal half siblings who all live in Columbia. (PSR ¶47-53).

Mr. Medina-Angulo claims to have had sufficient food and clothing during his childhood acknowledging that there is "not always happiness or sadness." (PSR ¶44). He currently shares a small home, less than 800 square feet in size, with his partner of 14 months and her two children from a previous relationship. (PSR ¶55 and 60). He has three biological children ages fourteen, thirteen, and five that live with other family members. (PSR ¶57-59). His mother recently lost her "mom and pop" fruit store and her home and moved in with Mr. Medina-Angulo, his partner, and her two children. (PSR ¶46).

Mr. Medina-Angulo attended school through the fifth grade but had to quit and begin working to financially assist his family. (PSR ¶71). Later, he attended night school and earned the equivalent of a GED but was unable to obtain his diploma due to lack of money. *Id.*

Mr. Medina-Angulo began working in the fishing industry at a young age and he also worked in the construction industry at times. (PSR ¶77). He holds a taxi driver's license currently and worked as a taxi driver for six years. (PSR ¶75-76). He does not have any specialized skills or training. (PSR ¶75). Mr. Medina-Angulo began drinking alcohol at age sixteen and drinks alcohol every weekend socially. (PSR ¶67). He reports that he believes he does have an alcohol problem but does not believe that the problem contributed to his arrest. *Id*.

Mr. Medina-Angulo committed the offense, in part, because he wanted to build a home for his mother. (PSR ¶22). However, he understands that "This wasn't the right way of doing it" while expressing remorse and apologizing to the people of this country, the judge, and his family. *Id.*

### C. Sentence to Afford Adequate Deterrence

Both the Sentencing Guidelines and 18 U.S.C. § 3553(a) require the sentencing court to consider the characteristics of the defendant that make it more or less likely that the defendant will reoffend.

Mr. Medina-Angulo is requesting this Court to impose a downward variance because any period of incarceration and away from his family will accomplish the following: reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. His post arrest conduct of immediate acceptance of responsibility is indicative of self-rehabilitation, respect for the law, and willingness to atone for the harm he has caused.

Additionally, but equally important, Mr. Medina-Angulo has no prior criminal record. He legally supported his family for years working as a fisherman, taxi driver, and in the construction industry. He continues to have the support of his family, friends, and his community. *See* Exhibit 1. These facts all suggest that there is an extremely low probability of recidivism, and that he poses little future risk to our society. More importantly, Mr. Medina-Angulo carries the extra incentive not to

recidivate based on his obligations and responsibilities to his live-in girlfriend, their children, and his mother.

Mr. Medina-Angulo is eager to learn refrigeration and/or plumbing trades while incarcerated. He also desires to learn the English language and return to Columbia with the skills to become an interpreter. (PSR ¶61). These efforts will allow him to obtain gainful employment so he can support his family.

**D.      Need to Avoid Unwarranted Sentencing Disparities and to Promote Disparities where Warranted**

According to the United States Sentencing Commission, the average sentence for marijuana trafficking offenders in the United States in 2020 was 29 months with a median base level offense of 22. *US Sentencing Comm'n Annual Report FY 2020* (2020 Sentencing Report). The Guidelines for marijuana-related offenses were promulgated in 1987 and have remained unchanged since. With that being said, marijuana laws have evolved at the state level. Although Mr. Medina-Angulo accepts full responsibility for his actions and appreciates that his actions were unlawful, he submits that the evolution of the legal landscape is relevant to this Court's evaluation of the sentencing factors set forth in § 3553(a).

**WHEREFORE,** Mr. Medina-Angulo respectfully requests this Honorable Court consider a downward variance and impose a sentence below the advisory guideline range.

Respectfully Submitted,


BY:   s/ *Amanda Powers Sellers, Esq.*
        AMANDA POWERS SELLERS, ESQ.


## CERTIFICATE OF SERVICE

**I CERTIFY** that on December 10, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

BY:   s/ *Amanda Powers Sellers, Esq.*
        AMANDA POWERS SELLERS, ESQ.
        LAW OFFICES OF POWERS SELLERS &
        FINKELSTEIN, PLC
        4625 East Bay Drive, Suite 313
        Clearwater, FL 33764
        Telephone:  727-531-2926
        Facsimile:  727-531-2926
        E-Mail: amanda@psffirm.com
        Florida Bar # 011643
        Counsel for Defendant