**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                          **Case No.: 8:21-cr-92-SCB-CPT**

**JHON RIASCOS-GAMBOA**

_____ /

**<u>SENTENCING MEMORANDUM</u>**

COMES NOW, the Defendant, Jhon Riascos-Gamboa, by and through

undersigned counsel, Nicole Valdes Hardin, and pursuant to 18 U.S.C.

§3553(a), and hereby files this Sentencing Memorandum in support of the

imposition of a sentence which is significant yet below the advisory

guideline imprisonment range, such a sentence being sufficient but not

greater than necessary to achieve the purposes of sentencing as enumerated

in 18 U.S.C. §3553(a)(2). As grounds in support thereof, Mr. Riascos-Gamboa

shows as follows:

Jhon Riascos-Gamboa lost his father at the age of five. The upheaval

did not stop there – once his mother remarried, he lost her too. Raised by his

1

grandparents with an abusive brother, Mr. Riascos-Gamboa knows only the struggle of survival. He agreed to transport marijuana in this case because his family desperately needed the money to survive.

Unlike most so called boat cases, Mr. Riascos-Gamboa was not in the fishing industry. He was in manufacturing and suffered large salary and hour decreases during Covid. He agreed to a venture to transport marijuana for not very much money as a lowly crewmember without much experience at sea. Such ventures are sold as low risk and paid much lower than cocaine trips for the same reason. Colombia, his home country, has legalized marijuana for personal use and recently legalized the exporting of dried cannabis with proper permits.[1] Such framework allows drug traffickers to tell recruits that the venture carries a very low risk of punishment if caught.

As Mr. Riascos-Gamboa faces a court in the United States with a minimum mandatory sentencing scheme based on drug weight, such a situation could not have been imagined. Mr. Riascos-Gamboa lived in

---

[1] Bocanegra, Nelson, "Colombia boosts budding cannabis industry by removing ban on dried flower exports," *Reuters*, July 23, 2021. Available at https://www.reuters.com/world/americas/colombia-boosts-budding-cannabis-industry-by-removing-ban-dry-flower-exports-2021-07-23/.

Colombia, was hired to crew a boat headed to Central America. The idea that he would be pulled from the go-fast boat by the United States military and taken to the United States for prosecution was unknown to person who previously only worked in a factory in Colombia. Because nearly all "boat case" crew members never imagine that another country outside the delivery area would arrest and prosecute them, these prosecutions fail at deterrence, instead costing U.S. taxpayers hundreds of thousands of dollars while failing to staunch the drug trade in any meaningful way.[2]

**Drug Quantity and the Guidelines**

The Commission formulated Guideline 2D1.1(c) based on the "weight-driven scheme" in the Anti-Drug Abuse Act of 1986 (1986 Act), Pub. L. No. 99-570, 100 Stat. 3207 (1986). In the 1986 Act, Congress sought to link the mandatory minimum trafficking prison term to major drug dealers and to link the five-year minimum term to serious traffickers." *United States v. Johnson*, 379 F. Supp. 3d 1213, 1227 (N.D. Ala. 2019). The

---

[2] A four-year guideline sentence in this case would cost taxpayers $177,032. PSR ¶ 87.

1986 Act used the weight (and thus quantity) of the drugs involved in the offenses "as the sole proxy to identify 'major' and 'serious' dealers." *Id.* According to the Sentencing Commission themselves, the link is dubious: "[a}t the time the Commission adopted the Guidelines, it failed to explain why it decided to implement the quantity-based approach for all trafficking offenses, and to thereby "greatly elevate[ ]" the "importance of quantity" as "compared to other offense characteristics."[3]  In 2008, more than 20 years after the Guidelines were originally promulgated, Judge Gertner wrote that the Commission still had not "explained how drug quantity is meant to measure offense seriousness, and significantly, how it correlates with the purposes of sentencing 1220 under 18 U.S.C. § 3553(a)." *United States v. Cabrera*, 567 F.Supp.2d 271, 276 (D. Mass 2008). "The only explanation, which one has to infer from the Guidelines, is that drug quantity is somehow a proxy for culpability." *Id*. at 8

Here that analysis is particularly problematic. In this case, as in

---

[3] United States Sentencing Commission, *Fifteen Years of Guidelines Sentencing: An Assessment of How Well the Federal Criminal Justice System is Achieving the Goals of Sentencing Reform*, at 49-50 (2004), https://www.usse.gov/sites/default/files/pdf/research-and-publications/research-projects-and-surveys/miscellaneous/15-year-study/15_year_study_full.pdf (hereafter Fifteen Years of Guidelines Sentencing)

manty "boat cases" there is undisputed evidence of varying roles of culpability, amongst co-conspirators on the boat and off the boat. Regardless, as in this case, they will face the same type of guideline, because it is solely based on weight and not culpability. Over the past decade, courts have increasingly recognized that "drug quantity is a poor proxy for culpability." *United States v. Diaz*, No. 11-CR-00821-2 JG, 2013 WL 322243 (E.D.N.Y. Jan. 28, 2013); *United States v. Cabrera*, 567 F. Supp. 2d 271, 276-277 (D. Mass. 2008); *United States v. Hayes*, 948 F. Supp. 2d 1009, 1027-1028 (N.D. Iowa 2013); *United States v. Woody*, 2010 WL 2884918, at *9 (D. Neb. July 20, 2010) (Bataillon, C.J.) (stating that in drug conspiracy cases, quantity "is not always a trustworthy measure of the culpability of an individual defendant").

Similarly, in *Diaz*, Judge Gleeson also observed that the "Guidelines take role into account, but not nearly enough." 2013 WL 322243, at *13. He reasoned that the mitigating and aggravating role adjustments under USSG §§ 3B1.1 and 3B1.2 allow for only up to eight levels of differentiation at the most. See *id*. at *13. "This pales in comparison to the up to 32 levels of

differentiation among defenders based on drug quantity enshrined by USSG § 2D1.1(c), even when you add the additional reduction in levels permitted under the mitigating role cap in USSG § 2D1.1(a)(5). *Id*.

A defendant convicted of heroin distribution with no criminal history or applicable adjustments could receive a Guidelines sentence ranging from 10 to 293 months, depending solely on the drug quantity. See *id*. Ultimately, Judge Gleeson called for the sentencing ranges in all drug-trafficking cases to be lowered by a third due to the policy flaws in the quantity-driven scheme. *Id*. at *2." *Johnson*, 379 F. Supp. 3d at 1222.

Recently some courts have taken action, noting that the drug-trafficking guidelines suffer from an "over-emphasis on quantity" and "under-emphasis on role in the offense." *Cabrera*, 567 F.Supp.2d at 275; see also *Hayes*, 948 F.Supp.2d at 1027 (recommending that the drug trafficking Guidelines be "more sensitive to factors directly relevant to culpability, including the defendant's role in the offense, and less sensitive to drug type and quantity"). Accordingly, the court retains an important ability to downwardly vary over policy disagreements, such as in this case. Indeed,

6

this court does not need to decide to categorically reject the drug guidelines on policy grounds in all drug cases.

Rather, the court can consider that in this case, Mr. Riascos-Gamboa's individual circumstances make the policy disagreements acute, particularly the criticisms that the Guidelines overemphasize drug quantity are not always accurate proxies for the defendant's role or culpability. These critiques squarely apply to Mr. Riascos-Gamboa's guidelines range, because he had a relatively minor role in the illegal drug activity here.

**Conclusion**

For the reasons stated herein, Mr. Riascos-Gamboa, respectfully urges this Court to consider a sentence of a year and a day in light of the factors above, particularly given his role in the offense. A significant variance in sentence will be reasonable and will adequately take into account the advisory guideline range and the factors set forth at 18 U.S.C. § 3553(a), resulting in a fair and just punishment.

DATED this 28th day of December, 2021.

Respectfully submitted,

A. FITZGERALD HALL, ESQ.
FEDERAL DEFENDER

**/s/** *Nicole V. Hardin*
Nicole V. Hardin, Esq,
Florida Bar No. 0026194
Assistant Federal Defender
400 North Tampa Street
Suite 2700
Tampa, Florida 33602
Telephone: (813) 228-2715
Facsimile:   (813) 228-2562
Email:      Nicole_Hardin@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th of December 2021, a true and correct copy of the foregoing was filed with the Clerk of the Court via electronic filing a copy was provided to Mr. David Pardo, Assistant United States Attorney, via electronic delivery.

**/s/** *Nicole V. Hardin*
Nicole V. Hardin, Esq.
Assistant Federal Defender

8